IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MCCRAY, | * | |
| REG. #29144-179 | * | |
|     Paintiff, | * | |
| v. | * | |
| | * | |
| T. C. OUTLAW, Warden, Federal | * | No. 2:10-cv-00095-SWW-JJV |
| Correctional Institution, Forrest | * | |
| City, Arkansas; *et al.,* | * | |
| | * | |
|     Defendants. | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

      3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Plaintiff, Charles McCray, is a federal inmate at the United States Penitentiary, Hazelton, West Virginia. He filed this *pro se* federal civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based on an incident which occurred on June 3, 2009, while he was incarcerated at the Federal Correctional Institution (FCI) in Forrest City, Arkansas. Defendants have now filed a Motion to Dismiss and for Summary Judgment (Doc.No. 28). Plaintiff has filed Responses to the Motion (Doc. Nos. 35, 39).

Mr. McCray alleges he was seriously injured when inmate Brandon Smith assaulted him. (Doc. Nos. 2, 9). He states the assault was as a result of the prison being understaffed and Warden Outlaw failing to stop the high rate of assaults at the Unit. Plaintiff seeks money damages from Defendants for their failure to protect him from harm.

## II.     MOTION FOR SUMMARY JUDGMENT

### A.     Standard of Review

Pursuant to FED.R.CIV.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id.*

### B.     Failure to Protect

#### 1.     Sovereign Immunity

Defendants state McCray's allegations against them should be dismissed because he is suing them in their official capacities only. An action against a governmental official in his official capacity is the same as a suit against the United States, which is shielded from liability under sovereign immunity. *Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In response, McCray asks the Court to liberally construe his *pro se* pleadings to support an Eighth Amendment claim against Defendants.

Defendants are correct and Plaintiff's official capacity claims should be dismissed because they are barred by the doctrine of sovereign immunity. However, justice requires the Court to also consider Plaintiff's claims against Defendants in their individual capacities.

## 2. Individual Capacity Claims and Qualified Immunity

To support a failure to protect claim, Plaintiff must show a substantial risk of harm and that Defendants acted with deliberate indifference to that risk. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). "Negligence, and quite possibly even gross negligence. . . is insufficient to prove a violation of [McCray's] constitutional rights." *Tucker, supra* at 1002.

Defendants state they are shielded from liability in their individual capacities because of the doctrine of qualified immunity. Qualified immunity shields a government official from suit in his or her performance of a discretionary function, unless the official's conduct violates a clearly established constitutional right, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In considering the defense of qualified immunity, the Court must take the facts in the light most favorable to Plaintiff and determine (1) whether facts alleged or shown by Plaintiff make out violation of constitutional right, and (2) if so, whether that right was clearly established at time of defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (*overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 , 129 S.Ct. 808 (2009)). In making these determinations, "courts may exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of circumstances in the particular case at hand." *Pearson,* 555 U.S. at ___, 129 S.Ct. at 818.

In evaluating the first prong, the Court finds Defendants' conduct did not violate clearly established law to rise to the level of a constitutional wrong. In coming to this conclusion, the Court

relies on *Tucker v. Evans, supra*, where the United States Court of Appeals for the Eight Circuit stated:

> We have held in several cases that qualified immunity for prison officials is appropriate when an Eighth Amendment failure-to-protect claim arises from inmate injuries resulting from a surprise attack by another inmate. *See Curry v. Crist*, 226 F.3d 974, 978-79 (8th Cir. 2000); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998); *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995); *Smith v. Marcantonio,* 910 F.2d 500, 502 (8th Cir. 1990).
>
> Taken together, the cases indicate that Daniels (defendant correctional officer) is entitled to qualified immunity unless a reasonable official would have known that Daniels' actions constituted a deliberate, callous, or reckless disregard for Tucker's safety. . . . Even if there was a substantial risk of harm to Tucker, there is no evidence that Daniels was deliberately indifferent to that risk. . . .
>
> The alleged conduct certainly points to negligence, and quite possibly even gross negligence, but that is insufficient to prove a violation of Tucker's constitutional rights. . . .
>
> There is no evidence that Tucker was the likely target of an impending attack by [inmate] Weaver. . . . If Daniels had known that Weaver was a risk to Tucker and failed to supervise the barracks properly, appellee would have a stronger argument concerning Daniels' deliberate indifference. But here, Weaver's decision to murder a fellow inmate came without warning," *see Curry*, 226 F. 3d at 979, and Daniels is entitled to summary judgment on qualified immunity grounds.

*Tucker v. Evans,* 276 F.3d at 1001-1003. The Eighth Circuit Court of Appeals also concluded that the Warden and ADC Director were entitled to qualified immunity, absent evidence that they were under a specific court or prison-wide order regarding staffing and supervision requirements, and deliberately disregarded an excessive risk to the inmates' health and safety. *Id*. at 1003.

The evidence of record reveals that the assault by inmate Smith was a surprise and Defendants had no prior warning or indication of the assault. Defendant Burns states in his affidavit that at the time of the incident, he stood outside the housing unit pursuant to "post orders" which require the observation of inmate movements during high traffic events, such as the noon meal in this case. (Doc. No. 29-2). While McCray claims Burns abandoned his post inside the barracks and

5

should have known of the substantial risk of harm to him, he offers no support of this contention. To the contrary, Officer Burns stated, "Shortly after the attack began, I and other FCC Forrest City Correction Workers stopped the attack, secured the C-1 Unit and provided medical assistance to Plaintiff." *Id.* There is no dispute that Burns stood outside the barracks pursuant to orders. However, even if his conduct could be construed as abandoning his post (Doc. No. 38), it would not amount to more than gross negligence. Such a finding is insufficient to support his failure to protect claim against Defendant Burns.

In addition, as Defendants correctly argue, Plaintiff provides no evidence to support his allegation that a high rate of assaults occurred at the prison and that the assault against him would not have occurred had more staff members been present. There is also no evidence that staffing at the unit was not in compliance with prison or BOP requirements. While Plaintiff provides a copy of a Memorandum issued by the Warden on June 23, 2010, notifying inmates and staff of a prison lock-down due to several assaults on inmates, this Memorandum was issued a year after the assault. Plaintiff has provided no evidence to support a finding that Defendants should have been on notice of a specific threat of harm to him.

The assault upon by Plaintiff by Smith is extremely unfortunate. However, the law is clear that prison officials cannot be held liable for a prisoner assault unless they are subjectively aware of a risk and recklessly ignore it. *See*, *Norman v. Schuetzle*, 585 F.3d 1097 (8th Cir. 2009). Accordingly, granting Defendants' Motion for Summary Judgment is proper.[1]

---

[1] Similarly, in *Cantrell v. Norris*, an inmate was stabbed in a barracks with one security guard present. No. 5:05cv00157JMM, 2010 WL 3927792 (E.D.Ar.). In that case, the court found that a violation of prison staffing policy did not rise to the level of a constitutional violation, absent evidence of deliberate indifference or reckless disregard for the inmate's safety.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion to Dismiss and for Summary Judgment (Doc. No. 28) be GRANTED.

2. Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

3. All other pending Motions be DENIED as moot.

DATED this 30th day of March, 2011.

                                         */s/ Joe J. Volpe*
                                         JOE J. VOLPE
                                         UNITED STATES MAGISTRATE JUDGE